

FILED
**Jul 19, 2018**
**03:04 PM(CT)**
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Edward Oglesby | ) Docket No. 2017-08-1148 |
| | ) |
| v. | ) State File No. 68608-2017 |
| | ) |
| United Parcel Service, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

---

### Affirmed and Remanded – Filed July 19, 2018

---

In this interlocutory appeal, the employee was injured when his arm was caught in a machine while he was attempting to determine why the machine had malfunctioned. The employer denied the claim, asserting the employee's actions constituted willful misconduct. Following an expedited hearing, the trial court determined the employee was likely to prevail at trial in establishing the compensability of his claim and ordered the payment of past medical expenses and the provision of additional medical benefits, but it denied the employee's claim for temporary disability benefits. The employer has appealed. We affirm the determination of the trial court and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Garrett Estep, Memphis, Tennessee, for the employer-appellant, United Parcel Service, Inc.

William Ryan, Memphis, Tennessee, for the employee-appellee, Edward Oglesby

### Factual and Procedural Background

Edward Oglesby ("Employee") worked for United Parcel Service, Inc. ("Employer"), as a plant mechanic at a facility in Shelby County, Tennessee. His job duties included maintaining and repairing conveyor belt systems. On September 4, 2017, Employee was dispatched to repair a conveyor belt known as "unloader 13" that had stopped running. When he approached the machine, he looked through a back grate and noted that a "belt tracking error" indicator light was illuminated. He also examined the

tracking switches and the conveyor belt itself. According to Employee, he determined from his visual inspection that the conveyor belt had tracked off-center to such a degree that it triggered a tracking switch, illuminated the tracking error light, and caused the belt to stop. Employee was aware the power to the machine was on, but the belt was not moving. He stated if the belt had continued to run in that position, "it would tear the belt up." Employee testified that based on his inspection of the machine, as well as the illuminated tracking error light, he believed he needed to perform a "live conveyor repair." Under such circumstances, according to Employee, it was unnecessary to "lock out" and "tag out" the machine before beginning the repair because he would need to reengage the conveyor belt during the repair and make adjustments to get it back on track.[1]

Employee approached the area of the conveyor belt where it was off track, got under the machine, and removed a guard to determine the specific wrench sizes he would need for the repair job.[2] During that time, the machine suddenly came on, caught his arm, and pulled it into the machine. A supervisor standing near the machine hit the emergency stop button and immediately called for help. Employee was transported for emergency care and remained hospitalized for approximately two weeks.[3]

While Employee was hospitalized, Employer's facility engineering manager, Rodney Robinson, visited him. Mr. Robinson testified that during their conversation, Employee stated he had reached for debris in the machine when it came on and caught his arm. Employee testified he did not recall making this statement to Mr. Robinson, and he further denied he had reached into the machine to remove debris.

Employer denied Employee's claim for workers' compensation benefits, asserting Employee's action in failing to lock-out/tag-out the machine before removing the guard was a violation of its safety rules and constituted willful misconduct as contemplated in Tennessee Code Annotated section 50-6-110(a) (2017). Following an expedited hearing, the trial court determined there was insufficient evidence to conclude Employee's action constituted willful misconduct, that Employer did not show it was likely to prevail on its affirmative defense at trial, and that Employee had established a likelihood of prevailing

---

[1] There was no dispute that Employer had safety protocols in place and that its rules were strictly enforced. One such rule required personnel in certain circumstances to cut power to the machine ("lock out") and hang a tag on the machine ("tag out") to inform other workers that the machine was not in operation. It was also undisputed this "lock out/tag out" protocol was unnecessary in certain circumstances, including if the repair technician determined that a "live conveyor repair" was needed.

[2] Employee's testimony that he was authorized to remove guards on machines as needed to conduct repairs was unrefuted.

[3] The nature, extent, and duration of Employee's medical care are not relevant to the issues raised on appeal. Thus, we need not address Employee's medical care further.

on the issue of compensability. It therefore awarded past and future medical benefits, but denied Employee's claim for temporary disability benefits.[4] Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

## Analysis

At an expedited hearing where an employee is seeking the initiation of medical and/or temporary disability benefits, he or she must come forward with sufficient evidence from which the trial court can conclude the employee "would likely prevail" at trial. Tenn. Code Ann. § 50-6-239(d)(1); *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Pertinent to this case, Tennessee Code Annotated section 50-6-110(a) excludes from coverage certain injuries arising from an employee's conduct. Among such injuries are those caused by an employee's "willful misconduct." Tenn. Code Ann. § 50-6-110(a)(1). When denying a claim on this basis, the burden of proof rests with the employer. Tenn. Code Ann. § 50-6-110(b). Moreover, although a trial court can consider at an expedited hearing whether an employer has come forward with sufficient evidence to indicate a likelihood of prevailing on its affirmative defense at trial, in the context of an expedited hearing, such considerations are relevant only in assessing whether the employee is likely to prevail at trial. *See Iboy v. Kenten Mgmt., LLC*, No. 2017-06-1855, 2018 TN Wrk. Comp. App. Bd. LEXIS 23, at *18 (Tenn. Workers' Comp. App. Bd. May 8, 2018).

---

[4] Employee did not appeal the trial court's denial of his claim for temporary disability benefits.

With respect to the affirmative defense of willful misconduct, it is necessary to consider the distinction between conduct that properly can be classified as willful misconduct versus conduct that is considered negligent. As the Tennessee Supreme Court has explained:

> Workers['] compensation liability is imposed upon the employer, regardless of the fault of either party. But this no-fault liability is not unlimited. The injury by accident must arise out of and in the course of employment for workers['] compensation liability to be imposed. If this test is met, liability will be imposed no matter how rash or foolhardy the employee's conduct, so long as the injury is not "due to the employee's willful misconduct . . . ."

*Hall v. Mason Dixon Lines, Inc.*, 743 S.W.2d 148, 150 (Tenn. 1987) (internal citation omitted).

In *Nall v. E.I. Dupont De Nemours & Co.*, No. M1999-00375-WC-R3-CV, 2001 Tenn. LEXIS 26 (Tenn. Workers' Comp. Panel Jan. 9, 2001), the injured worker was a long-term employee responsible for unloading rail cars, some of which contained hazardous materials. *Id.* at *2. There was no question the employer had safety procedures in place, the employee was aware of those safety rules, and the employer strictly enforced its rules. *Id.* at *3. One of the employer's safety rules required employees to wear an "acid suit" and other safety equipment while unloading certain hazardous materials. *Id.* at *3. On the day of the accident, the employee was "inspecting" a rail car containing sulfuric acid before donning her safety equipment and starting the unloading process. *Id.* As she did so, she was sprayed with acid and severely burned. *Id.* After a trial, the court rejected the employer's defense based on willful misconduct and awarded permanent total disability benefits. *Id.* at *4.

In affirming the decision of the trial court in *Nall*, the Special Workers' Compensation Appeals Panel first explained that "[w]orkers' compensation benefits are payable without regard to fault of the employee or the care exercised by the employee, except in cases where the employee is guilty of willful misconduct." *Id.* at *5. The Appeals Panel then noted a dispute in the lay testimony, in which a company doctor testified the employee told him she was attempting to loosen the "dome lid" of the rail car when the accident happened, but the employee denied taking that action or making such a statement. *Id.* at *6. The Appeals Panel explained that the trial judge believed the employee's testimony and, "if issues of credibility and weight to be given oral testimony are involved, considerable deference must be accorded" the trial court's determinations. *Id.* at *7. In rejecting the employer's willful misconduct defense, the Appeals Panel explained:

4

> Where, as here, the employee is performing the duties assigned to her by her employment contract and is acting in furtherance of the employer's interests, regardless of the fact that she performs those duties in an unnecessarily dangerous or rash manner, it cannot be said that her resulting injuries did not arise out of her employment, provided that her conduct could be reasonably anticipated.

*Id.* at *7-8.

We addressed similar facts in *Roper v. Allegis Group*, No. 2016-01-0546, 2017 TN Wrk. Comp. App. Bd. LEXIS 14 (Tenn. Workers' Comp. App. Bd. Feb. 10, 2017). In that case, the employee was a maintenance worker at a manufacturing facility. *Id.* at *2. When a co-worker noticed a plume of black smoke on an auger deck above them, the employee went to investigate and inspect the machinery. *Id.* As the employee was maneuvering past part of the machinery, where he noted an open hatch that should have been closed, his sleeve was snagged and his arm was pulled into the auger, resulting in injury. *Id.* at *3. The employer argued the employee's failure to "lock-out/tag-out" the machine before inspecting it constituted willful misconduct. *Id.* at *4. On appeal, we agreed with the trial court that there was insufficient evidence the employee had willfully failed or refused to follow the employer's safety rules. *Id.* at *7-8. We noted the employer's rules "contemplated that authorized maintenance personnel would perform troubleshooting activities while the machines were still energized." *Id.* at *9. We also concluded there was "ample support in the record that [the employee] was not attempting to service or work on the machine at the time of the accident." *Id.* Finally, we addressed the employer's argument that, pursuant to the Tennessee Supreme Court's decision in *Mitchell v. Fayetteville Public Utilities*, 368 S.W.3d 442 (Tenn. 2012), an "employee's lack of a valid excuse for following a safety rule constitutes willfulness." We concluded:

> This is an overbroad interpretation of *Mitchell* that, if accepted, would allow employers to deny benefits to employees whose merely negligent or reckless actions resulted in a violation of a known safety rule. On the contrary, the *Mitchell* Court stated just the opposite. In evaluating Mr. Mitchell's violation of the pertinent safety rule in that case, the Supreme Court concluded, "his acknowledgment that he elected to take off [the protective gloves] anyway clearly established that his act was willful - and not merely negligent or reckless." Thus, the Supreme Court in *Mitchell* reinforced longstanding precedent that an employee's negligent or reckless actions generally are not enough to defeat a claim for workers' compensation benefits.

*Id.* at *11 (internal citation omitted).

5

The facts of the present case are strikingly similar to those in *Nall* and *Roper*. Here, there is no question Employee was performing work in furtherance of Employer's interests. Employee testified he approached the machine in an effort to diagnose the problem and determine the cause of the malfunction. He believed he was exercising appropriate discretion and following appropriate safety protocols in determining he needed to conduct a "live conveyor repair." He had not, however, begun the repair at the time of the accident. Although a witness testified Employee told him in the hospital he was attempting to remove debris from the machine at the time of the accident, Employee denied he reached his hand into the machine to remove debris and did not recall making that statement to the supervisor. In concluding Employee was performing the repair task in an "acceptable manner," the trial court implicitly accepted Employee's testimony on this issue as credible, and we find the evidence does not preponderate against that conclusion.

With respect to whether Employer's safety protocols gave its mechanics the discretion to conduct a live conveyor repair in this situation, there was a difference of opinion among the testifying witnesses as to the scope and timing of a mechanic's discretion. Yet, whether Employee was correct or mistaken in his interpretation of Employee's safety rules, there is insufficient evidence he *intentionally* took action in violation of those rules. As explained in both *Hall* and *Nall*, an employee's negligent conduct is not a defense to a claim for workers' compensation benefits and to succeed on this defense, the employer must establish that the employee *willfully* violated a known safety rule. A reasonable difference of opinion as to how a safety rule is to be interpreted does not constitute willful misconduct. Without such evidence of willfulness, we conclude the preponderance of the evidence supports the trial court's determination that Employer is not likely to prevail at trial in establishing its willful misconduct defense and that Employee is likely to prevail in establishing the compensability of his claim.

## Conclusion

For the foregoing reasons, the trial court's order is affirmed in all respects, and this case is remanded to the trial court.



| | | |
|---|---|---|
| Edward Oglesby | ) | Docket No. 2017-08-1148 |
| | ) | |
| v. | ) | State File No. 68608-2017 |
| | ) | |
| United Parcel Service Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of July, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| William Ryan | | | | | X | billy@donatilaw.com |
| Garrett Estep | | | | | X | gestep@farris-law.com |
| Deana C. Seymour, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov